**Renée E. Rothauge**, Bar No. 903712
RRothauge@perkinscoie.com
**Erick J. Haynie**, Bar No. 982482
EHaynie@perkinscoie.com
**Tonya Van Walleghem**, Bar No. 983632
TVanWalleghem@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile: +1.503.727.2222

*Attorneys for Defendants JACK PAYNE; JUNIPER MOUNTAIN CATTLE, LLC; and NEVADA LIVESTOCK MARKETING, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| GREAT WEST CAPITAL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JACK PAYNE; JUNIPER MOUNTAIN CATTLE, LLC (RACHEL PAYNE, Manager), a Nevada limited liability company; and NEVADA LIVESTOCK MARKETING, LLC (RACHEL PAYNE, Manager), a Nevada limited liability company,<br><br>Defendants.<br><br>v.<br><br>EASTGATE CATTLE CO., LLC, A LIMITED-LIABILITY COMPANY, a Nevada limited liability company; and ARTHUR H. BERG, an individual,<br><br>Counterclaim-Defendants. | Case No. 3:22-cv-00768 IM<br><br>**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

1- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

# ANSWER

Defendants Jack Payne, Juniper Mountain Cattle, LLC and Nevada Livestock Marketing, LLC ("Defendants") answer Plaintiff's complaint ("Complaint") as follows:

## INTRODUCTION

1. Defendants admit that they signed certain Promissory Notes. Defendants deny the remaining allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendants admit that there is a business relationship with various entities affiliated with Arthur Berg. Defendants further admit that Jack Payne is an expert cattleman and an owner of Defendant Nevada Livestock Marketing, LLC ("NLM'). Defendants deny the remaining allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Jack Payne can sell cattle to the public through NLM. Defendants further admit that Rachel Payne is Jack Payne's wife and does office related work for NLM. Defendants deny the remaining allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit that Jack Payne purchased cattle with funds from entities affiliated with Arthur Berg. Defendants deny the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations in paragraphs 5-9 of Plaintiff's Complaint.

6. In answer to paragraph 10 of the Complaint, Defendants admit that defendants made a $500,000.00 to Diamond Valley Ranch, LLC. as directed by Arthur Berg but deny the remaining allegations of that paragraph.

7. Defendants deny the allegations in paragraphs 11-12 of Plaintiff's Complaint.

## PARTIES

8. Defendants have insufficient information to admit or to deny the allegations in paragraph 13 of Plaintiff's Complaint and on that basis deny the allegations.

9. Defendants admit to the allegations in paragraph 14 of Plaintiff's Complaint.

10. Defendants admit to the allegations in paragraph 15 of Plaintiff's Complaint.

2- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

11. Defendants admit to the allegations in paragraph 16 of Plaintiff's Complaint.

12. Defendants, with regard to paragraph 17 of Plaintiff's Complaint, do not dispute that the District of Oregon is a proper venue. Defendants deny the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

13. Defendants admit that they are citizens of Nevada and that the amount in controversy exceeds $75,000.00. Defendants have insufficient information to admit or to deny the remaining allegations in paragraph 18 of Plaintiff's Complaint and on that basis deny the remaining allegations.

14. Defendants admit that the personal jurisdiction terms contained in certain loan agreements with entities affiliated with Arthur Berg speak for themselves. Defendants deny the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

15. Defendants admit that the venue terms contained in certain loan agreements with entities affiliated with Arthur Berg speak for themselves. Defendants deny the remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

16. Paragraph 21 asserts a statement of law to which no response is required.

## GOVERNING LAW

17. Defendants admit that the choice of law terms contained in certain loan agreements with entities affiliated with Arthur Berg speak for themselves. Defendants deny the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

18. Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

19. Defendants admit that Jack Payne, Juniper and NLM signed certain loan agreements with various entities associated with Arthur Berg. Defendants deny the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

3- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

20. Defendants admit that the lending terms agreements executed by the parties speak for themselves. Defendants deny the remaining allegations in paragraph 25 of Plaintiff's Complaint.

21. Defendants admit that the lending terms of the agreements executed by the parties speak for themselves. Defendants deny the remaining allegations in paragraph 26 of Plaintiff's Complaint.

22. Defendants have insufficient information to admit or to deny the allegations in paragraphs 27 of Plaintiff's Complaint and on that basis denies these allegations.

23. Defendants have insufficient information to admit or to deny the allegations in paragraphs 28 of Plaintiff's Complaint and on that basis denies these allegations.

24. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

25. Defendants admit that NLM is a cattle auction house. Defendants deny the remaining allegations contained in paragraph 30 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

28. Defendants admit that the default terms of the lending agreements executed by the parties speak for themselves. Defendants deny the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

29. Defendants admit that any acceleration terms of the lending agreements executed by the parties speak for themselves. Defendants deny the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

4- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

30. Defendants admit that the remedy terms of the lending agreements executed by the parties speak for themselves. Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

31. Defendants admit that various entities associated with Arthur Berg declared the entire amount of certain Promissory Notes due and owing. Defendants deny the remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT- COMMERCIAL LOAN AGREEMENT

32. Defendants re-incorporate their previous responses to each of Plaintiff's allegations herein.

33. Defendants deny the allegations contained in Paragraph 38-48 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

## BREACH OF CONTRACT- PROMISSORY NOTE

34. Defendants re-incorporate their previous responses to each of Plaintiff's allegations herein.

35. Defendants deny the allegations contained in Paragraphs 50-57 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

By way of further Answer, Defendants allege and assert the following affirmative defenses without assuming any burdens of proof or persuasion, including without limitation, to the extent such defenses are *prima facie* elements of Plaintiff's claims:

### Failure to State a Claim

36. Plaintiff's claims against Defendants fail to state a claim upon which relief may be granted.

### Lack of Causation

5-   DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

37. Plaintiff has suffered no damage as a result of any acts or omissions by Defendants. Pursuant to the parties' agreements, Plaintiff has been fully compensated.

### Failure to Mitigate

38. Plaintiff has failed to mitigate its damages, if any.

### Waiver

39. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of waiver. Throughout the parties' relationship, Defendants requested accountings and reconciliations of outstanding accounts, but Plaintiff and Counterclaim Defendants refused.

### Estoppel

40. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of estoppel. Throughout the parties' relationship, Defendants requested accountings and reconciliations of outstanding accounts, but Plaintiff and Counterclaim Defendants refused.

### Accord and Satisfaction

41. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of accord and satisfaction. Pursuant to the parties' agreements, Plaintiff and Counterclaim Defendants accepted payment and in-kind contributions from Defendants.

### Prior Material Breach

42. Plaintiff committed acts constituting prior material breaches of the parties' business agreements which preclude Plaintiff from recovery. Plaintiff and Counterclaim Defendants failed to comply with the terms of the parties' agreements including but not limited to failing to pay Defendants' management fees, expenses and shared profits.

### Unclean Hands/In Pari Delicto

43. Plaintiff's bad faith, unfair trade practices, fraudulent, unethical and illegal behavior preclude Plaintiff from seeking damages in this case. As set forth in Defendants' counterclaims, Plaintiff and Counterclaim Defendants did not act in good faith and engaged in a

6- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

pattern and practice of deceit and unethical behavior throughout their relationship with Defendants.

### Set-off

44. Plaintiff's claims, if any, are subject to set-off or recoupment on account of monies owed to one or more Defendants by Plaintiff and/or Plaintiff's owners and/or affiliates. Defendants are entitled to amounts owning under the parties' agreements as set forth below in Defendants' counterclaims. Defendants request for an accounting may also result in this Court determining that further amounts are owing to Defendants.

### Usury

45. Plaintiff's claims are subject to reduction, in whole or in part, because Plaintiff's alleged credit facilities are usurious. Plaintiff's demand for accelerated interest fees and costs in excess of 20% per annum are excessive and usurious.

### Unconscionable Contract Terms

46. One or more of the contract terms Plaintiff seeks to enforce by this action are procedurally and/or substantively unconscionable. Berg used his money and Payne's trust to lull Payne into signing a series of interrelated, one-sided credit agreements after promising to be his partner, with Mr. Payne having providing years' worth of labor for Berg's benefit without being paid.

### Reservation of Defenses

47. Defendants reserves the right to assert additional defenses as discovery progresses.

48. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, Defendants hereby deny the remaining allegations in the Complaint.

7- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## DEFENDANTS' FACTUAL ALLEGATIONS

## PARTIES

49. Defendant Jack Payne ('Payne") purchased his current homestead, Eastgate Ranch, in 2017. It is a well-established Nevada ranch that, upon information and belief, was formerly owned by Arthur Berg ("Berg') - a founder of Plaintiff, Great West Capital, LLC. Payne was a citizen of the State of Oregon for periods of time relevant to this action and became a citizen of the State of Nevada no later than July 2022.

50. Berg is a resident of Oregon or Washington and upon information and belief, is a member, manager and founder of Eastgate Cattle Company, LLC, a Delaware company. Upon information and belief Berg is also a founder, Trustee and/or beneficiary of Berg Capital Trust and KJJ Trust- the only members of Plaintiff, Great West Capital, LLC. Berg holds himself out as a savvy, shrewd business magnate. Berg has owned, operated and founded several multi-million-dollar companies, including Plaintiff.

51. Berg interfaced and interacted with Defendants personally and through various business entities including but not limited to: Great West Capital, LLC; Berg Capital Trust; KJJ Trust, Perkins Ranch; Diamond Ranch, LLC.; Eastgate Cattle Company, LLC, also known as "Eastgate Cattle Co., LLC, A Limited-Liability Company"; Frontier First Federal, LLC.; First Commerce, LLC.; Dolly Creek Ranch; and Bruneau River Cattle Co., LLC. These entities are referred to in this pleading as entities affiliated with Berg. Upon information and belief these entities are owned, operated and/or controlled by Berg.

52. To compliment his ranching operation Payne purchased NLM, a Nevada Cattle Auction house. He also began partnering with other cattlemen to build his herd. One of those partners was Arthur Berg, acting through his various affiliated entities including Eastgate Cattle Company ("Eastgate Cattle Co.").

53. Eastgate Cattle Co. is a Delaware company owned and operated by Berg and his family members.

8- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## JURISDICTION

54. On information and belief, and as alleged by Plaintiff at Paragraph 18 of the Complaint, this Court has subject matter jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441 based on the diversity of the parties. This Court also has ancillary or supplemental jurisdiction, under 28 U.S.C. § 1367 or otherwise, with respect to Defendants' counterclaims and the counterclaim defendants in this action.

## PARTNERSHIP AND AGREEMENTS

55. In or 2017, Berg and Payne formed a partnership, whereby they would carry on as co-owners of a cattle ranching venture, either as individuals or through an LLC to be formed with Berg acting as its Manager. *See* Exhibit A hereto. Under their agreement, Berg would finance cattle purchases through his entities, including Plaintiff, while Payne would purchase, manage and care for the cattle in return for an annual management fee of $150- $200 per cow. They would operate the business together for profit.

56. Pursuant to their agreement, after interest was paid on Berg's initial capital investment at an annual rate of 10% and Payne was paid his management fee and expenses, Berg and Payne would share the profits equally.

57. Instead of creating an LLC with Payne, Berg inundated Payne with detailed and interrelated loan agreements, promissory notes, chattel deeds, security agreements and management agreements without giving Payne the opportunity to read their contents or consult with counsel. Payne, like others who have been tricked by Berg's promises of partnership, acted in good faith. Payne was unaware that Berg's true intent was to take over his ranching operation and licensed auction house by creating usurious phantom debts and withholding Payne's payment for years of labor, investment and cattle management.

58. Payne signed at least 4 separate breeding and management agreements with Eastgate Cattle Co. under the auspices that Berg was his partner:

    1)    A 2017 Bred and Open Cow Program;

9- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

  2)  A 2017 Yearling Program;

  3)  A 2018 Bred and Open Cow Program and;

  4)  A 2018 Yearling Program.

Each of these programs provided for an annual set management fee of $150-$200/cow.  Payne has not been paid his management fees and is currently owed more than $3,500,000.00.  Payne is also owed a 50% share of profits from these programs.  Berg and his affiliated entities have never provided an accounting to Payne despite his requests for the information.

 59. Around the same time Payne entered into his agreements with Berg's Eastgate Cattle Co., Payne entered into a separate loan agreement wherein he and his companies (co-defendants) borrowed approximately $1,300,000.00 from Berg's and his putative affiliated lending entities.  To date, and in good faith, Payne has paid more than $910,000.00 toward that loan despite having received no income from his management agreements with Eastgate Cattle Co.  Payne challenged the amount Plaintiff and Berg currently allege is owing on the original $1,300,000.00 loan but Berg and his affiliated entities, including Plaintiff and Eastgate Cattle Co., refused to provide Payne with any financial information substantiating their claimed outstanding balance.  Instead, Berg and his employees threated Payne and his family by phone and in person if he did not immediately pay off the loan.

 60. In addition to managing thousands of cattle without compensation, throughout his relationship with Berg and his affiliated entities (including Plaintiff and Eastgate Cattle Co.) Payne has:

  1) Loaned his ranching equipment, dedicated his personal time and employees to Berg for use at Berg's ranch in northern Nevada, the "Perkins Ranch", without compensation;

  2) Rented ranching equipment to secure and move cattle on Berg's Perkins Ranch without compensation;

10- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

3) Paid ranch hands for work they did exclusively for Berg on his Perkins Ranch because Berg refused to pay them after promising to do so. Berg's refusal to pay ranch labor exposed Payne to potential statutory and labor liability;

4) Spent his personal time herding and locating lost and stolen cattle on Counterclaim Defendants' behalf. Upon information and belief many of the missing cattle Counterclaim Defendants now allege were stolen are actually in Counterclaim Defendants' possession or were taken and sold to third parties by Counterclaim Defendants themselves; and

5) Contributed personal cattle to partnership operations for the betterment and furtherance of partnership business and profits.

## COUNTERCLAIMS

## FIRST CLAIM- ACCOUNTING AGAINST COUNTERCLAIM DEFENDANTS.

61. Defendants re-allege and incorporate paragraphs 1-60 herein.

62. Since at least 2017, Payne and Berg have operated a Cattle ranching business for profit, in part, based on a series of breeding and management agreements. Berg and Eastgate Cattle Co. are in possession of certain financial information related to the sales, expenses, profits and losses associated with that partnership.

63. Payne does not have access to the financial information in Berg and Eastgate Cattle Co.'s possession.

64. The amounts due and owing to Payne pursuant to the partnership and the breeding and management agreements cannot be ascertained by Payne at present because the financial information required to make such a calculation is in Berg and/ or Eastgate Cattle Co.'s exclusive control.

65. Payne seeks a full accounting from Berg and Eastgate Cattle Co. evidencing all financial information supporting any amounts due and owing to Payne under the partnership and breeding and management agreements from Jan. 1, 2017 to the present.

11- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## SECOND CLAIM- FRAUD AGAINST COUNTERCLAIM DEFENDANT ARTHUR BERG.

66. Defendants re-allege and incorporate paragraphs 1-65 above herein.

67. On various occasions beginning in the summer and fall of 2016, Berg told Payne that he would finance a shared cattle operation that Payne would manage for a fee. Berg agreed to share the profits of that operation on an equal basis after paying expenses and Payne's management fees.

68. Unbeknownst to Payne, Berg knew when he made Payne these promises that he (Berg) had no intention of sharing profits or paying for expenses, including Payne's management fees. In fact, while Berg was telling Payne they would work together and share profits from their cattle ranching operation, Berg was instructing his employees and advisors to draft and execute loan agreements, security agreements, chattel deeds, promissory notes and liens that would shift all operational risk to Payne and ensure Payne would never be compensated at all.

69. Berg knew that Payne would trust his representations and that he needed a partner. Berg used his money and Payne's trust to lull Payne into signing a series of interrelated, one-sided credit agreements and management and breeding agreements over the years that eviscerated any possibility of Payne being treated or compensated like a partner.

70. Payne relied on Berg's representations and managed large cattle herds for years without compensation and to his detriment. Payne did not discover Berg's deception until later when he began questioning Berg's intention to pay his management fees and the status of the partnership's profits and losses.

71. As a result of Berg's misrepresentations Payne has been damaged in an amount not less than 3,500,000.00 to be proven at trial.

## THIRD CLAIM- BREACH OF CONTRACT- MANAGEMENT AGREEMENTS AGAINST COUNTERCLAIM DEFENDANTS.

72. Defendants re-allege and incorporate paragraphs 1-71 above herein.

12- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

73. Defendants entered into a series of breeding and management agreements with Counterclaim Defendants Berg and Eastgate Cattle Co. starting in or around 2017.

74. Pursuant to each of those agreements, Payne was to be paid a management fee calculated annually at $150-200/cow.  Payne fully preformed his management duties under each of these agreements.

75. Berg and Eastgate Cattle Co. kept the proceeds from the cattle sales and did not pay Payne his management fees pursuant to each agreement.  Payne's total management fees under the agreements are estimated at no less than $3,500,000.00.  Berg and Eastgate Cattle Co.'s failure to pay Payne's management fees constitutes a breach of each of the breeding and management agreements.

76. Berg and Eastgate Cattle Co.'s failure to pay Payne his management fees pursuant to the parties' agreements has damaged Payne in an amount not less than $3,500,000.00 to be proven at trial.

## FOURTH CLAIM- PROMISSORY ESTOPPEL AGAINST COUNTERCLAIM DEFENDANTS.

77. Defendants re-allege and incorporate paragraphs 1-76 above herein.

78. Berg and Eastgate Cattle Co., promised to pay Payne his management fees for managing cattle herds on Counterclaim Defendants' behalf between 2017 and the present at an annual rate of $150-200/ cow.

79. In reliance on Berg and Eastgate Cattle Co.'s promise, Payne managed large herds of cattle at his own expense and to his detriment between 2017 and the present.

80. Payne's reliance was reasonable and foreseeable given the parties' business relationship and history.

81. Payne was damaged as a result of his reliance on Berg and Eastgate Cattle Co.'s promise in an amount not less than $3,500,000.00 to be proven at trial.

82. This claim is asserted in the alternative to the Third Claim for Relief.

13- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

## FIFTH CLAIM- UNJUST ENRICHMENT AGAINST COUNTERCLAIM DEFENDANTS.

83. Defendants re-allege and incorporate paragraphs 1-82 above herein.

84. Defendants provided valuable property and marketing, management and ranching services directly to and on behalf of Counterclaim Defendants Berg and Eastgate Cattle Co. since at least 2017.

85. Berg and Eastgate Cattle Co. acknowledged, accepted and benefitted greatly from the property and marketing, management and ranching services provided by Defendants.

86. The property and marketing, management and ranching services Defendants provided to and on behalf of Berg and Eastgate Cattle Co. are estimated to be valued at no less than $3,500,000.00 in an amount to be proven at trial.

87. Allowing Berg and Eastgate Cattle Co. to retain the benefits provided by Defendants would be inequitable and unjust.

88. This claim is asserted in the alternative to Third Claim for Relief.

## SIXTH CLAIM- UNLAWFUL TRADE PRACTICES BY DEFENDANT PAYNE AGAINST COUNTERCLAIM DEFENDANT BERG

89. Defendants re-allege and incorporate paragraphs 1-88 above herein.

90. In about the fall of 2020 and as part of an in-person sit-down to discuss open matters, Berg yelled to Payne words to the effect that his "loans need to be immediately repaid," that Berg would "get his money," and that he (Berg) "didn't want to hurt you or your family". Berg also yelled at Payne "You think you're gonna f**k me but you're gonna be the one getting f**ked." After the in-person meeting, Berg continued to telephone Payne making similar statements and threats.

91. Given Berg's tone and demeanor in making these assertions, it was Mr. Payne's perception that Berg was threatening or attempting to threaten the personal safety or well-being of Payne and his wife and children unless Payne ceded to Berg's financial demands.

14- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

92. Berg made his comments to Payne knowingly and intentionally.

93. Berg's comments contravene governing state law, which prohibit (without limitation) the use of coercion, duress or intimidation in a transaction or in connection with the collection of an actual or claimed debt.

94. As a result of Berg's unlawful conduct, Mr. and Mrs. Payne are entitled an award of their actual damages (and/or statutory damages as allowed by state law). In addition, to the extent allowed by state statute, Mr. and Mrs. Payne should be awarded punitive damages and prevailing party attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on any claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, having answered plaintiff's Complaint, defendants demand the following relief:

A. Dismissal of Plaintiff's claims with prejudice;

B. On Defendants' First Counterclaim, for a full accounting of all amounts due and owing between the parties and all affiliated business entities;

C. On Defendants' Second through Fifth Counterclaims for an award of money damages in an amount not less than $3,500.00.00;

D. On Defendants' Sixth Counterclaim for an award of compensatory, statutory and punitive damages in an amount to be proven at trial;

E. Defendants' costs of suit, including reasonable attorneys' fees; and

F. Such other relief as the Court may deem just and proper.

15- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

DATED:  August 3, 2022.    **PERKINS COIE LLP**

By: */s/ Renée E. Rothauge*
    **Renée E. Rothauge**, OSB No. 903712
    RRothauge@perkinscoie.com
    **Erick J. Haynie**, OSB No. 982482
    EHaynie@perkinscoie.com
    **Tonya Van Walleghem,** Bar No. 983632
    TVanWalleghem@perkinscoie.com
    1120 N.W. Couch Street, Tenth Floor
    Portland, Oregon 97209-4128
    Telephone: +1.503.727.2000

*Attorneys for Defendants JACK PAYNE; JUNIPER MOUNTAIN CATTLE, LLC; and NEVADA LIVESTOCK MARKETING, LLC*

16- DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# **EXHIBIT A**

1. A LLC will be set up owned 50/50% by Payne and Berg Entit(ies)  Berg will be listed as manager of the LLC

2. Berg will cause up to $1,000,000  to be funded for the purchase of bred heifers

3. Payne will be responsible for the purchase and management and care of the herd
A monthly accounting will be supplied by the 15th of the following month of all expenses incurred and including death losses.

4. The herd will be branded as designated by Berg.  A security agreement shall be granted for the herd as designated

5. The calves will be sold fall 2017 when and where as best determined by Payne

6. The Cows will have been bred back and will be sold in Fall of 2017.  Berg shall have the right to purchase and or all of the cows at the lower of 1,200 or market.

7. After the animals have been sold, the LLC will 1) Pay Berg Interest on the capital investment of approximately $1,000,000 at the rate of 10% per annum; 2) Reimburse Payne for all funds reasonable incurred and paid for the management of the herd; and 3) the remaining profits shall be split 50/50% between Berg and Payne.

8. If Berg purchases part of the herd/herd, the cows could be managed and left on Paynes pas until following spring at an agreed upon cost.

## Financial and Operational Assumptions

1. Purchase price of bred heifers will be approximately $800 per animal (approx 1,125 animals
2. Sale price of fall calves in 2017 will be approximately 600 (400 lbs x $1.50)
3. Sales price of bred cows in fall of 2017 will be approximately $1,200
4. Length of opertions and joint venture 12 months
5. Calf crop will be approximately 90%
6. Death loss of cows will be approximately 3%
7. Operational costs of herd for 12 months will approximate 200 per cow