**Matthew A. Levin, OSB #003054**
MattLevin@MarkowitzHerbold.com
**April M. Stone, OSB #200937**
AprilStone@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Tel: (503) 295-3085
Fax: (503) 323-9105

    Attorneys for Plaintiff and Counterclaim-Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **GREAT WEST CAPITAL, LLC,** a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>**JACK PAYNE; JUNIPER MOUNTAIN CATTLE, LLC (RACHEL PAYNE, Manager),** a Nevada limited liability company; and **NEVADA LIVESTOCK MARKETING, LLC (RACHEL PAYNE, Manager),** a Nevada limited liability company,<br><br>    Defendants,<br><br>    v.<br><br>**EASTGATE CATTLE COMPANY, LLC**, a limited liability company; and **ARTHUR H. BERG**, an individual,<br><br>    Counterclaim-Defendants. | Case No. 3:22-cv-00768-IM<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** |

Plaintiff Great West Capital, LLC, defendants Jack Payne, Juniper Mountain Cattle, LLC, and Nevada Livestock Marketing, LLC ("Payne Parties"), and counterclaim defendants Eastgate Cattle Company, LLC, and Arthur H. Berg, through their respective attorneys of record, submit this Joint Discovery Plan.

**Page 1 -   JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

The parties met and conferred on September 2, 2022, to discuss the matters set forth in Fed. R. Civ. P. 26(f), and submit the following for the Court's consideration:

    **A.**    **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties do not recommend any changes to the timing, form, and requirements for Initial Disclosures required by Fed. R. Civ. P. 26(a). The parties waive exchange of initial disclosures.

    **B.**    **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties will conduct discovery on the formation, performance, and breach of the various contracts alleged in the complaint, answer and defendants' counterclaims, the parties' defenses, and defendants' counterclaims for fraud and unlawful trade practices. The parties agree to the following case schedule:

| Deadline | Due Date |
| --- | --- |
| Rule 26(a)(1) Initial Disclosures | Waived |
| Final Date to Amend Pleadings and Join Parties | January 15, 2023 |
| Close of Discovery | April 30, 2023 |
| Serve Expert Reports | May 31, 2023 |
| Rebuttal Expert Reports | June 15, 2023 |
| Dispositive Motions | July 1, 2023 |
| Oral Argument on Dispositive Motions | |
| Joint ADR Report | 30 days after the Court's ruling on dispositive motions or, if none are filed, October 30, 2023. |

**Page 2 -   JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

| Deadline | Due Date |
|---|---|
| Pretrial Order | 30 days after the Court's ruling on dispositive motions or, if none are filed, October 30, 2023. |
| Pretrial Conference | |
| Trial (6 days) | January 2024 |

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree to the following format for production of electronically stored information:

1.     Unless otherwise indicated, and where feasible, all electronically stored information should be produced in single-page TIFF format with metadata fields preserved in the load file.  The load file should be produced in a format capable of being imported into Relativity litigation software.  (Files should be named after the control numbers associated to the .dat/.opt files to ensure the identifier is populated with the ID number; document level text files should be provided; Relativity (.dat) and opticon (.opt) or .lfp with relative paths for text and natives in the .dat file should be provided; separate directories for images, natives and text should be provided in a single deliverable, with UTF-8 encoding for load files.)

2.     All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software.  This includes, but is not limited to, scanned images of those documents which contain unique information after they were printed out, such as paper documents containing handwriting,

**Page 3 -   JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

signatures, marginalia, drawings, annotations, highlighting, and redactions. All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document. A single PDF of all scanned hard copy documents is not acceptable.

        3.        Emails should be produced in single-page TIFF format. To the greatest extent feasible, production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.) and any electronic attachments.

        4.        Excel documents should be produced in native format with all metadata preserved to the greatest extent possible. Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

        5.        PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes, to the greatest extent possible.

        6.        All native Word documents containing any revisions or mark-ups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

        7.        All logs should be produced in native format.

        8.        Audio, video, or other recorded information shall be provided separately via a cloud production or on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

        9.        To the greatest extent feasible, all files shall be labeled with a Bates or control number.

10. Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

11. To the extent available, all image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic.

12. Metadata fields should include (if available): DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTime Created, DateTime Sent, DateTime Received, DateTime Modified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss AM/PM).  Multi choice fields should be separated via ; which is the standard for Relativity deliverables.

13. The parties reserve the right to request additional documents in native format if it is determined the document is not readable or usable in a .tiff format.

   **D.  Any issues about the claims of privilege or of protection as trial preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties are not presently aware of, and do not anticipate, any issues that need to be resolved by the Court regarding claims of privilege or protection of trial preparation materials.

The parties agree to serve a privilege log for any information and documents withheld from production within 28 days of such production.  The parties agree that email communication

**Page 5 -   JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

solely between litigation counsel and their own client need not be listed in privilege logs and that the parties will identify such litigation counsel to each other by name and email address. For each withheld or redacted document listed on the privilege log, the producing party shall provide the following information: (1) the identities of the document's author(s); (2) the identities of all recipient(s) and addressee(s) to whom the document was sent; (3) the date the document was created; (4) the nature and subject matter of the document with sufficient detail to identify the document without disclosing privileged or protected information; and (5) the basis for withholding or redacting the document.

   **E.**  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties do not request any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure (Rules 26-37) and District of Oregon Local Rules except to the extent a party specifically requests such a change in this Joint Discovery Plan.

The parties agree that pleadings shall be served via the court's e-filing notification system. Discovery shall be served via e-mail to all counsel of record, with all timing and deadlines associated with such discovery requests to be governed by the Federal Rules of Civil Procedure and the Local Rules of the District of Oregon. subject to the following additional requirements:

   1.  For service to be complete on plaintiff and counterclaim-defendants, the email serving the discovery must be sent to Matt Levin, April Stone, Michelle Robles, and Lynn Gutbezahl. This recipient list may be revised by plaintiff and counterclaim-defendants by providing written notice to defendants.

   2.  For service to be complete on defendants, the email serving the discovery must be sent to Renée Rothauge, Tonya Van Walleghem, Erick Haynie, Diane Anderson and Isabel Haas.

**Page 6 -   JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**

This recipient list may be revised by defendant by providing written notice to plaintiff and counterclaim-defendants.

3.  Either party can withdraw from this discovery service agreement at any time by providing written notice.

The parties agree to endeavor to avoid duplicating production of documents under different Bates numbers. Instead of producing duplicate documents, any party may refer to the Bates numbers of documents produced by another party when identifying documents within its possession or control or responsive to a discovery request.

**F.    Likely areas of expert testimony.**

The parties do not presently anticipate offering expert testimony concerning the parties' claims, defenses, and counterclaims but reserve the right to do so based on later developments.

DATED this 26th day of September 2022.

| MARKOWITZ HERBOLD PC | PERKINS COIE LLP |
|---|---|
| By: *s/ April M. Stone*<br>Matthew A. Levin, OSB # 003054<br>MattLevin@MarkowitzHerbold.com<br>April M. Stone, OSB # 200937<br>AprilStone@MarkowitzHerbold.com<br><br>*Attorneys for Plaintiff Great West, LLC* | By: *s/ Erick J. Haynie*<br>Reneé E. Rothauge, OSB # 903712<br>RRothauge@perkinscoie.com<br>Erick J. Haynie, OSB # 982482<br>EHaynie@perkinscoie.com<br>Tonya Van Walleghem, OSB # 983632<br>TVanWalleghem@perkinscoie.com<br><br>*Attorneys for Defendants Jack Payne, Juniper Mountain Cattle, LLC, and Nevada Livestock Marketing, LLC* |

1338444

**Page 7 -   JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**