IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREAT WEST CAPITAL, LLC,**<br><br>        Plaintiff,<br><br>    v.<br><br>**JACK PAYNE**; **JUNIPER MOUNTAIN CATTLE, LLC**, a Nevada limited liability company; and **NEVADA LIVESTOCK MARKETING, LLC**, a Nevada limited liability company,<br><br>        Defendants,<br><br>    v.<br><br>**EASTGATE CATTLE CO., LLC,** a Nevada limited liability company; **EASTGATE CATTLE COMPANY LLC**, a Delaware limited liability company; and **ARTHUR H. BERG**, an individual,<br><br>        Counterclaim Defendants. | Case No. 3:22-cv-00768-IM<br><br>**OPINION AND ORDER DENYING THE PAYNE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Richard A. White, First Commerce, 155 B Avenue, Lake Oswego, OR 97034. Amy M. Bogran and Roy B. Thompson, Thompson & Bogran PC, 5 Centerpointe Drive, Suite 400A, Lake Oswego, OR 97035. J. Kurt Kraemer and Jonathan Mark Radmacher, McEwen Gisvold, LLP,

1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204. April Stone and Matthew A. Levin, Markowitz Herbold PC, 1455 SW Broadway, Suite 1900, Portland, OR 97201. Attorneys for Plaintiff and Counterclaim Defendants.

Erick J. Haynie and Renée E. Rothauge, Perkins Coie, LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209. Tonya Van Walleghem, P.O. Box 1933, Lake Oswego, OR 97035. Attorneys for the Payne Defendants.

**IMMERGUT, District Judge.**

This matter is before this Court on a Motion for Partial Summary Judgment brought by Defendants Jack Payne, Juniper Mountain Cattle, LLC, and Nevada Livestock Marketing, LLC (collectively, "Payne Defendants") against Counterclaim Defendant Eastgate Cattle Company, LLC ("Eastgate-DE"). This action involves a dispute about a partnership to buy, manage, and sell cattle (the "Partnership") between the Payne Defendants and Eastgate-DE. After their Partnership deteriorated, the Payne Defendants asserted several claims against Eastgate-DE, including (1) Accounting; (2) Conspiracy to Commit Fraud; (3) Breach of Contract; (4) Promissory Estoppel; and (5) Unjust Enrichment. Second Amended Counterclaims, ECF 65 ¶¶ 61–65, 73–97. The Payne Defendants essentially argue that Eastgate-DE sold the Partnership's cattle and wrongfully withheld the sales proceeds from the Payne Defendants.

The Payne Defendants now move for partial summary judgment on three alternative grounds, ("Mot."), ECF 146. The Payne Defendants ask, first, that this Court find that Eastgate-DE breached several contracts as a matter of law, including the Chattel Deed of Trust ("Chattel Deed") and multiple Profit Sharing Agreements. *Id.* at 9–14. Alternatively, the Payne Defendants ask this Court to find that Eastgate-DE was unjustly enriched at the Payne Defendants' expense as a matter of law. *Id.* at 14–15. Alternatively still, the Payne Defendants contend that they are

entitled to a credit from the proceeds as part of their Accounting claim. *Id.* at 15.[1] Because there is a dispute of material fact as to whether Eastgate-DE improperly retained the cattle sales proceeds, this Court DENIES the Payne Defendants' Motion.

## LEGAL STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the [non-movant's] position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

## BACKGROUND

The Payne Defendants and Eastgate-DE formed the Partnership to buy, manage, and sell cattle for profit. On February 15, 2017, the Payne Defendants borrowed funds from First

---

[1] The Payne Defendants seek partial summary judgment for these grounds only on the issue of liability and state that damages should be left for the jury to decide. Reply, ECF 158 at 1–2.

PAGE 3 – OPINION AND ORDER DENYING THE PAYNE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Commerce, LLC to finance the purchase of cattle for their venture. Commercial Loan Agreement, ECF 148-2 ¶ 4D; Promissory Note, ECF 148-3 ¶ 9. The Payne Defendants granted First Commerce a security interest in all cattle purchased using the loan as well as any proceeds from the sale of the cattle. Security Agreement, ECF 148-4 ¶¶ 3–4.

The same day, the Payne Defendants, Eastgate-DE, and First Commerce signed a Chattel Deed, ECF 148-1. The agreement established Eastgate-DE as Trustee, First Commerce as Beneficiary, and the Payne Defendants as Grantor. *Id.* As the Trustee, Eastgate-DE was given legal title to all "cattle acquired with Loan proceeds," to be "held in trust . . . for the benefit of [First Commerce]." *Id.* at 1 (Recital B). The purpose of granting Eastgate-DE legal title to the cattle was to provide additional security for the Payne Defendants' loan with First Commerce. *Id.* As holder of the cattle's title, Eastgate-DE could sell the cattle to secure "[p]erformance of [the Payne Defendants'] obligations under the Loan Documents" and "[p]ayment of the indebtedness." *Id.* ¶ 2; *see also id.* ¶ 5.

Eastgate-DE and the Payne Defendants also entered several Profit Sharing Agreements involving their cattle venture. According to the Profit Sharing Agreements, gross receipts from the sale of cattle would be distributed in the following order: (1) to repay the Payne Defendants' outstanding liabilities to the Note holder and reasonable costs related to the Notes; (2) to pay Payne's cattle management fees and expenses; and (3) Eastgate-DE and the Payne Defendants would equally share any remaining proceeds. Declaration of Richard White ("White Decl."), ECF 76-3 ¶ 5; 76-4 ¶ 5; 76-6 ¶ 5; 76-7 ¶ 5. On July 17, 2018, Great West succeeded First Commerce as holder of the Note. Third-Party Defendants' Answer, ECF 148-10, Ex. 9 ¶ 11.

Several years later, Great West filed a Complaint on May 25, 2022, alleging that the Payne Defendants defaulted on their loan obligations and misappropriated the cattle that secured

PAGE 4 – OPINION AND ORDER DENYING THE PAYNE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

the loan. Complaint, ECF 1 ¶¶ 11–12. The Payne Defendants answered the Complaint and asserted counterclaims against Great West, as well as Third-Party Defendants Eastgate-DE, Eastgate-NV and Arthur Berg. Defendants' Counterclaims, ECF 12; Amended Counterclaims, ECF 15; Second Amended Counterclaims, ECF 65. On April 24, 2023, Eastgate-DE, Eastgate-NV, and Berg moved to dismiss the Payne Defendants' Counterclaims, arguing that this Court lacked subject matter jurisdiction over those claims and also lacked personal jurisdiction over them as Third-Party Defendants. Motion to Dismiss, ECF 75. This Court denied Eastgate-DE, Eastgate-NV, and Berg's Motion to Dismiss for Lack of Jurisdiction. Order, ECF 118. Then, on January 3, 2024, Eastgate-DE, Eastgate-NV, and Berg answered the Payne Defendants' counterclaims and asserted several third-party claims against the Payne Defendants. Third-Party Counterclaims, ECF 128.

During discovery, the Parties exchanged documents involving the sale of Partnership cattle. According to Eastgate-DE business records, as of December 18, 2020, Eastgate-DE had sold 9,952 head of cattle related to its partnership with Defendants. *See* Declaration of Jack Payne ("Payne Decl."), ECF 147 ¶ 2; Missing Cows, ECF 149-1, Ex. 1; Declaration of Erick Haynie ("Haynie Decl."), ECF 148 ¶ 8; Missing Cows, ECF 149-2, Ex. 7.

On February 26, 2024, the Payne Defendants filed this Motion. Mot., ECF 146.[2]

## DISCUSSION

The Payne Defendants contend that Eastgate-DE breached the Chattel Deed and Profit Sharing Agreements when Eastgate-DE sold 9,952 cattle and failed to pass on any of the sales

---

[2] Although this case involves two similarly named Eastgate entities—Eastgate-DE and Eastgate-NV—the Payne Defendants move only against Eastgate-DE in this Motion. Mot., ECF 146 at 4 n.1.

PAGE 5 – OPINION AND ORDER DENYING THE PAYNE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

proceeds to Great West or the Payne Defendants themselves. *Id.* at 9–14. Alternatively, the Payne Defendants argue that Eastgate-DE was unjustly enriched when it kept the cattle sales proceeds. *Id.* at 14–15. Alternatively still, the Payne Defendants contend that they are entitled to a credit to their Accounting claim for the amount of those sales. *Id.* at 15. Eastgate-DE responds that each of the Payne Defendants' arguments fail because Eastgate-DE sent all of the Partnership's cattle sales proceeds to Great West to pay down the Payne Defendants' outstanding loan and there were no remaining funds to distribute to the Payne Defendants.[3] Eastgate-DE's Response ("Resp."), ECF 155 at 11–15. In reply, the Payne Defendants maintain that Eastgate-DE failed to remit all cattle sales proceeds to Great West. Reply, ECF 158 at 9–10.

The Payne Defendants' Motion hinges on whether there is a dispute of material fact regarding whether Eastgate-DE improperly kept proceeds from the sale of Partnership cattle. *See id.* Because such a dispute exists here, this Court denies the Payne Defendants' Motion.

**A. Breach of Contract**

To prove a claim for breach of contract, a party must establish (1) the existence of a valid contract; (2) a breach; and (3) damage as a result of the breach. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 408 (1865)). Eastgate-DE and the Payne Defendants do not dispute that the Chattel Deed and Profit Sharing Agreements are valid contracts. *See* Resp., ECF 155 at 6, 8; Mot., ECF 146 at 4–5, 7.

Under the Chattel Deed, Eastgate-DE held the legal title to the Partnership's cattle in trust for the benefit of First Commerce. Chattel Deed, ECF 148-1 (Recital B). If Eastgate-DE sold the

---

[3] On March 14, 2024—after the Payne Defendants filed their Motion for Partial Summary Judgment on February 26, 2024—Eastgate-DE produced payment records in discovery purportedly showing payment of cattle sales proceeds to Great West. Supplemental Declaration of Erick Haynie, ECF 161 ¶ 3; Mot., ECF 146; *see* Resp., ECF 155 at 11–15.

cattle, it was required to pay the proceeds to Great West to satisfy the Payne Defendants' debt. *Id.* ¶ 2.

Similarly, the Profit Sharing Agreements established how the cattle sales proceeds were to be distributed. According to the Profit Sharing Agreements, cattle sales proceeds would first be applied to the Payne Defendants' outstanding debt; second, they would be used to pay Payne's management fees and expenses; and finally, any remaining profits would be split equally between Eastgate-DE and the Payne Defendants. White Decl., ECF 76-3 ¶ 5; 76-4 ¶ 5; 76-6 ¶ 5; 76-7 ¶ 5.

The Payne Defendants argue that Eastgate-DE breached the Chattel Deed and Profit Sharing Agreements when it sold Partnership cattle and failed to share the proceeds with Great West or the Payne Defendants. Mot., ECF 146 at 4–14; Reply, ECF 158 at 6–10. Eastgate-DE argues that it remitted all sales proceeds to Great West and no funds remained to be shared with the Payne Defendants. Resp., ECF 155 at 11–15. As explained below, there is a dispute of material fact about whether Eastgate-DE remitted all cattle sales proceeds to Great West.

According to Eastgate-DE's business records, as of December 18, 2020, the Company had sold 9,952 Partnership cattle for $11,563,542.[4] The Payne Defendants concede that the business records show payments to Great West relating to these cattle totaling $10,296,396.72.[5] The Payne Defendants claim that the difference—over $1.2 million—should have also been paid to Great West. Reply, ECF 158 at 13. But the evidence does not support this assertion.

---

[4] *See* ECF 154-4 at 2; ECF 154-5 at 1; ECF 154-6 at 1; ECF 154-7 at 1; ECF 154-8 at 1; ECF 154-9 at 1; ECF 154-10 at 1; ECF 154-11 at 2; ECF 154-12 at 1.

[5] *See* Reply, ECF 158 at 9–10; *see also* ECF 154-4 at 17; ECF 154-5 at 3; ECF 154-6 at 2; ECF 154-7 at 5; ECF 154-8 at 11; ECF 154-9 at 3; ECF 154-10 at 3; ECF 154-11 at 13; ECF 154-12 at 4.

PAGE 7 – OPINION AND ORDER DENYING THE PAYNE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

The gross revenues of more than $11.5 million do not accurately reflect Eastgate-DE's gross receipts from the sale of cattle. Instead, several fees are deducted from gross sales to calculate the cattle proceeds paid to Eastgate-DE, including yardage, insurance, feed, commission, and hauling. *Compare, e.g.*, ECF 154-5 at 1 (recording gross sales of $116,410 for the February 12, 2018 Orland cattle auction), *with id.* at 5 (calculating the net check amount of $104,037.01 for the February 12, 2018 Orland cattle auction). In fact, expenses related to the sale of the 9,952 cattle total $5,184,999.74.[6] Viewing these records in the light most favorable to the non-movant Eastgate-DE, only $6,378,542.26[7] of the total gross revenues were left over to be applied against the Payne Defendants' debt with Great West—far less than the $10.2 million that Eastgate-DE actually paid to Great West.[8] Thus, the Payne Defendants have not shown as a matter of law that Eastgate-DE improperly kept gross receipts from the sale of Partnership cattle through December 18, 2020 in violation of the Chattel Deed and Profit Sharing Agreements.

The Payne Defendants also argue that Eastgate-DE sold cattle after December 2020, and those sales proceeds were not "transmitted to Great West and applied to [the Payne] Defendants' loan debts," Reply, ECF 158 at 10–11. But the evidence presented does not support the Payne Defendants' contention.

---

[6] *See* ECF 154-4 at 2; ECF 154-5 at 1; ECF 154-6 at 1; ECF 154-7 at 1; ECF 154-8 at 1; ECF 154-9 at 1; ECF 154-10 at 1; ECF 154-11 at 1–2; ECF 154-12 at 1.

[7] Total gross revenues of $11,563,542, less total expenses of $5,184,999.74.

[8] This Court acknowledges the apparent discrepancy between the profit from the sale of Partnership cattle as of December 18, 2020 ($6,378,542.26) and the funds paid to Great West ($10,296,396.72). Although the evidence before this Court does not explain this shortfall, the evidence viewed in the light most favorable to Eastgate-DE suggests that there are disputed issues of fact regarding the amount of proceeds received from the sale of cattle and whether Eastgate-DE retained any of these proceeds.

According to an internal Eastgate-DE email dated April 15, 2021, the company engaged in negotiations to sell more Partnership cattle during 2021. *See* Supplemental Declaration of Jack Payne, ECF 160, Ex. 1. The Payne Defendants claim that the sales proceeds from these cattle should have been remitted to Great West, yet Eastgate-DE's payment records in ECF 154 show no payments to Great West after 2020. Reply, ECF 158 at 10–11; *see generally* Declaration of Arthur Berg, ECF 154. However, the records produced by Eastgate-DE in ECF 154 only involve the 9,952 Partnership cattle sold as of December 18, 2020.[9] Thus, it follows that sales taking place in 2021 would not be reflected in those records.[10] Based on the evidence before this Court, the Payne Defendants have not shown as a matter of law that Eastgate-DE sold Partnership cattle after 2020 and kept the gross receipts in violation of the Chattel Deed and Profit Sharing Agreements.

Accordingly, this Court denies the Payne Defendants' Motion for Partial Summary Judgment as to the Breach of Contract claim.[11]

---

[9] *See* ECF 149-1; *see also* 154-4 at 1–2; ECF 154-5 at 1; ECF 154-6 at 1; ECF 154-7 at 1; ECF 154-8 at 1; ECF 154-9 at 1; ECF 154-10 at 1; ECF 154-11 at 1–2; ECF 154-12 at 1.

[10] This conclusion is consistent with the evidence Eastgate-DE filed in Sur-Reply with leave of Court. Viewed in the light most favorable to Eastgate-DE, the newly filed payment records show that Eastgate-DE made several payments to Great West during 2021 involving cattle sales proceeds. *See* Declaration of Jonathan Radmacher in Sur-Reply, ECF 164, Ex. 14.

[11] Eastgate-DE also argues that the evidence relied on by the Payne Defendants in their Motion is inadmissible. Resp., ECF 155 at 4–6. However, even assuming that the evidence is admissible, the Payne Defendants have failed to show that summary judgment is appropriate. Thus, this Court need not reach the evidentiary issue raised by Eastgate-DE.

B. **Unjust Enrichment**

In the alternative, the Payne Defendants argue that Eastgate-DE was unjustly enriched by retaining proceeds from the sale of Partnership cattle. Mot., ECF 146 at 14–15. But the Payne Defendants' argument fails for the same reason as their Breach of Contract claim.

To establish unjust enrichment in Nevada the moving party must prove "the unjust retention of a benefit to the loss of another." *Coury v. Robison*, 115 Nev. 84, 90 (1999) (citation and ellipsis omitted). Because a dispute exists about whether Eastgate-DE retained any portion of the cattle sales proceeds, this Court denies the Payne Defendants' Motion for Partial Summary Judgment as to the Unjust Enrichment claim.

C. **Accounting**

The Payne Defendants also argue that they are entitled to a credit to their Accounting claim for the proceeds of the sale of Partnership cattle. Mot., ECF 146 at 15. But partial summary judgment is unwarranted as to the Payne Defendants' Accounting claim.

An "accounting is more appropriately characterized as a form of relief rather than as an independent claim." *Rivera v. BAC Home Loans Servicing, L.P.*, No. C 10–02439 RS, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010) (citation omitted); *see also* 9 Charles A. Wright et al., Federal Practice & Procedure § 2310 (4th ed. Apr. 2023 update). Here, the same disputed facts that preclude partial summary judgment for the Payne Defendants' Breach of Contract and Unjust Enrichment claims also preclude partial summary judgment for the Payne Defendants' Accounting claim. Based on the evidentiary record, this Court cannot determine the amount of proceeds that should be credited to the Payne Defendants for their Accounting claim. *See Liu v. SEC*, 140 S. Ct. 1936, 1943 (2020) (explaining that "Accounting holds the defendant liable for his profits" (citation omitted)). Further, the Payne Defendants' request for a credit to their

Accounting claim conflicts with their concession that there are disputed issues of fact on the amount of damages. *See* Mot., ECF 146 at 3, 12; Reply, ECF 158 at 5. Accordingly, this Court denies the Payne Defendants' Motion for Partial Summary Judgment as to their Accounting claim.

## CONCLUSION

For the reasons above, the Payne Defendants' Motion for Partial Summary Judgment, ECF 146, is DENIED.

Separately, the Parties' briefing acknowledges that they exchanged documents for the first time while the Payne Defendants' Motion was pending. This behavior clearly demonstrates the Parties are missing relevant documents. This Court expects these documents will be turned over in the course of discovery.

**IT IS SO ORDERED.**

DATED this 15th day of April, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge