## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREAT WEST CAPITAL, LLC,** | Case No. 3:22-cv-00768-IM |
| Plaintiff, | **ORDER GRANTING THE PAYNE DEFENDANTS' SECOND MOTION TO COMPEL** |
| v. | |
| **JACK PAYNE**; **JUNIPER MOUNTAIN CATTLE, LLC**, a Nevada limited liability company; and **NEVADA LIVESTOCK MARKETING, LLC**, a Nevada limited liability company, | |
| Defendants, | |
| v. | |
| **EASTGATE CATTLE CO., LLC,** a Nevada limited liability company; **EASTGATE CATTLE COMPANY LLC**, a Delaware limited liability company; and **ARTHUR H. BERG**, an individual, | |
| Counterclaim Defendants. | |

Richard A. White, First Commerce, 155 B Avenue, Lake Oswego, OR 97034. Amy M. Bogran and Roy B. Thompson, Thompson & Bogran PC, 5 Centerpointe Drive, Suite 400A, Lake Oswego, OR 97035. J. Kurt Kraemer and Jonathan Mark Radmacher, McEwen Gisvold, LLP,

PAGE 1 – ORDER GRANTING THE PAYNE DEFENDANTS' SECOND MOTION TO COMPEL

1100 SW Sixth Avenue, Suite 1600, Portland, OR 97204. Attorneys for Plaintiff and Counterclaim Defendants.

Erick J. Haynie and Renée E. Rothauge, Perkins Coie, LLP, 1120 NW Couch Street, 10th Floor, Portland, OR 97209. Tonya Van Walleghem, P.O. Box 1933, Lake Oswego, OR 97035. Attorneys for Jack Payne, Juniper Cattle Company, LLC, and Nevada Livestock Marketing, LLC.

**IMMERGUT, District Judge.**

Before this Court is Jack Payne, Juniper Mountain Cattle Company, LLC, and Nevada Livestock Marketing, LLC's (collectively, the "Payne Defendants") Second Motion to Compel ("Second MTC"), ECF 173. The Payne Defendants request that this Court compel Counterclaim Defendants Eastgate-DE, Eastgate-NV, and Arthur Berg (collectively, the "Counterclaim Defendants") and Plaintiff Great West Capital to produce the following discovery requests: (1) tax returns; (2) bank statements; (3) Eastgate-NV documents; (4) organizational and citizenship documents; (5) cattle program documents; (6) unredacted emails; (7) information about Plaintiff's damages; and (8) missing email attachments.[1] The Payne Defendants contend that their Motion is timely and that each disputed category of discovery should be produced.

For the reasons below, this Court GRANTS the Payne Defendants' Motion in its entirety.

## BACKGROUND

The Parties are familiar with the facts and lengthy procedural history of this case; thus this Order will recount only the background relevant to the Payne Defendants' Second Motion to Compel, ECF 173. On July 29, 2022, the Payne Defendants asserted several counterclaims against Plaintiff and third-party claims against the Counterclaim Defendants. Answer and

---

[1] Plaintiff and Counterclaim Defendants are represented by the same counsel, and jointly respond to the Payne Defendants' Motion. *See* Counterclaim Defendants' Response ("Resp."), ECF 190. Thus, this Order will collectively refer to Plaintiff and Counterclaim Defendants as "Respondents."

Counterclaims, ECF 12. The Payne Defendants have amended these claims twice. *See* First

Amended Answer and Counterclaims, ECF 15; Second Amended Answer and Counterclaims,

ECF 65.

According to this Court's scheduling order on April 3, 2023, ECF 64, the Payne

Defendants' deadline to file a fact discovery motion was April 17, 2023. On the deadline, the

Payne Defendants filed their first Motion to Compel, ("First MTC"), ECF 70. In this motion, the

Payne Defendants requested that this Court compel Respondents to produce the following

information: (1) responsive documents from Eastgate; (2) a list of credit agreements; and (3)

Plaintiff's damages calculation. *Id.* One week later, Counterclaim Defendants filed a Motion to

Dismiss the claims asserted against them by the Payne Defendants, arguing that this Court lacked

jurisdiction. ECF 75.[2] Counterclaim Defendants did not participate in discovery while their

Motion to Dismiss was pending. *See* ECF 175, Ex. 10 at 1.

On November 7, 2023, this Court held oral argument for Counterclaim Defendants'

Motion to Dismiss, ECF 75, and the Payne Defendants' First Motion to Compel, ECF 70. ECF

111. This Court denied Counterclaim Defendants' arguments and exercised jurisdiction over

Eastgate-DE, Eastgate-NV, and Berg. *Id.*; ECF 118 at 4–16. At the hearing, the Court dismissed

the Payne Defendants' First Motion to Compel and suggested that the Parties confer on the

pending discovery issues. *See* ECF 122 at 87:17–23; *see also* ECF 119 (dismissing the Payne

Defendants' First Motion to Compel with leave to renew following conferral). If necessary the

Court stated that the Payne Defendants could "resurrect or modify" their motion to compel. ECF

122 at 91:3–7.

---

[2] Although not relevant here, Plaintiff raised other arguments under Federal Rule of Civil
Procedure 12(b)(6) in the same motion. *See* ECF 75.

Then, on May 3, 2024, the Payne Defendants filed their Second Motion to Compel, ECF 173.

## DISCUSSION

The Payne Defendants now move this Court to compel Respondents to produce eight disputed categories of discovery. Second MTC, ECF 173. Respondents contend that the Payne Defendants' Motion is untimely, but nonetheless agree to produce a substantial portion of the disputed discovery. *See* Resp., ECF 190.[3] As discussed below, this Court finds the Payne Defendants' Second Motion to Compel timely and grants the Motion.

This Order will first address the timeliness of the Payne Defendants' Second Motion to Compel before turning to each of the disputed categories of discovery.

### A. This Court May Decide the Payne Defendants' Motion

The Payne Defendants argue that their Second Motion to Compel is timely despite being filed after the fact discovery motion deadline because the Court granted the Payne Defendants leave to "resurrect or modify" the First Motion to Compel. Second MTC, ECF 173 at 6. Respondents disagree, arguing that the Second Motion to Compel is not timely to the extent it expands on the scope of the discovery issues raised in the First Motion to Compel. Resp., ECF 190 at 2–5.

Despite Respondents' objections to timeliness, this Court may decide the Second Motion to Compel. Because this Court allowed the Payne Defendants to "resurrect or modify" their First

---

[3] For many of the disputed categories of discovery, Respondents also argue that no court order is necessary because discovery is ongoing and there is time for the Parties to resolve their disagreements. Resp., ECF 190 at 6–9. However, due to the prolonged and ongoing discovery delays observed in this case, this Court finds Respondents' argument unavailing.

PAGE 4 – ORDER GRANTING THE PAYNE DEFENDANTS' SECOND MOTION TO COMPEL

Motion to Compel following conferral between the Parties, the Second Motion to Compel is timely. *See* ECF 122 at 91:3–7.

Furthermore, good cause exists to decide the Second Motion to Compel because it falls within the scope of the First Motion to Compel. In the First Motion, the Payne Defendants broadly moved to compel all responsive documents from the Eastgate entities. First MTC, ECF 70 at 2–4. Thus, the Second Motion's requests for responsive documents from Eastgate-NV and Eastgate-DE are consistent with the scope of the First Motion to Compel, which was filed timely.

With regard to Mr. Berg and Plaintiff, good cause also exists to allow the Payne Defendants to move to compel discovery from these parties. Mr. Berg had not participated in discovery when the First Motion was filed because he disputed this Court's jurisdiction over him and the claims asserted against him. *See* 4/17/2023 Declaration of Erick J. Haynie, ECF 71-2. Further, according to the Payne Defendants, Mr. Berg still had not produced any documents as of May 3, 2024. 5/3/24 Declaration of Erick J. Haynie, ECF 175 at 19. Thus, good cause exists to allow the Payne Defendants to compel discovery from Mr. Berg.

For Plaintiff, the First Motion provided a status report to notify this Court regarding the pending status of these requests and Plaintiff's commitment to produce responsive documents. *Id.* at 6–7; *see also* 4/17/2023 Declaration of Erick J. Haynie, ECF 71 ¶ 8, Ex. 6. Accordingly, good cause also exists to compel Plaintiff to produce responsive documents consistent with its prior commitment. Accordingly, this Court may decide the Payne Defendants' Motion.

**B.  The Payne Defendants Are Entitled to Discovery**

**1.  Tax Returns**

The Payne Defendants request Respondents produce (1) all tax returns for the two Eastgate entities between 2018 and present day; and (2) all portions of Arthur Berg's personal

PAGE 5 – ORDER GRANTING THE PAYNE DEFENDANTS' SECOND MOTION TO COMPEL

tax returns that relate directly or indirectly to cattle revenues or expenses between 2018 and present day. Second MTC, ECF 173 at 7. Respondents state that portions of Berg's tax returns are not relevant, but nonetheless agree to produce relevant tax schedules related to cattle programs involving Plaintiff and the Counterclaim Defendants. Resp., ECF 190 at 6–7.[4] Respondents apparently refuse to produce tax returns of Eastgate-NV, suggesting a compromise—producing financial documents from Eastgate-NV to show that the entity is not involved in any cattle operations relevant here. *Id.*

This Court GRANTS the Payne Defendants' motion to produce all requested documents from Eastgate-NV, Eastgate-DE, and Arthur Berg. Respondents have offered to produce all requested tax information involving Eastgate-DE and Berg, but not Eastgate-NV. *See id.*[5] As for Eastgate-NV, the Payne Defendants have asserted several claims against that entity, alleging that Eastgate-NV misappropriated funds from the Parties' cattle ranching partnership. *See* Second Amended Answer and Counterclaims, ECF 65 ¶¶ 61–65, 73–97. Accordingly, the requested tax returns are relevant to the Payne Defendants' claims. *See id.*; Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Because the Eastgate-NV tax returns are relevant and Respondents have not persuasively shown that they are not proportional to the needs of this case, Eastgate-NV must produce them.

---

[4] Respondents also claim that portions of Great West's tax returns are irrelevant, Resp., ECF 190 at 6. However, because the Payne Defendants do not move to compel Great West tax returns, this Court need consider Respondents' argument here. *See* Second MTC, ECF 173 at 7.

[5] The Parties appear to agree that Berg need not produce irrelevant portions of his personal tax returns. *See* Second MTC, ECF 169 at 7; Resp., ECF 190 at 6–7 .

PAGE 6 – ORDER GRANTING THE PAYNE DEFENDANTS' SECOND MOTION TO COMPEL

### 2.  Bank Statements

The Payne Defendants request Respondents produce all bank statements between July 17, 2018 and the present day "relating to any account that holds or has held proceeds relating to revenues or expenses associated with cattle herding" for the following entities or persons: Plaintiff, Eastgate-DE, Eastgate-NV, Arthur Berg, First Commerce, American First Federal, Frontier First Federal.[6] Second MTC, ECF 173 at 7. Respondents agree to produce these documents to the extent that they have not already done so. Resp., ECF 190 at 7. Accordingly, this Court GRANTS this Motion.

### 3.  Eastgate-NV Documents

The Payne Defendants request Eastgate-NV produce the following documents (1) financial statements and a general ledger from July 17, 2018 to the present; (2) corporate organizational documents to identify ownership; and (3) all records of cattle sales or expenses from July 17, 2018 to the present or confirmation that no such records exist. Second MTC, ECF 173 at 8. Respondents agree to provide financial documents showing that Eastgate-NV is not involved in any cattle operation relevant here. *See* Resp., ECF 190 at 7.

This Court GRANTS this Motion. As previously noted, the Payne Defendants assert several claims against Eastgate-NV, alleging that Eastgate-NV misappropriated proceeds from the Parties' cattle ranching partnership. *See* Second Amended Answer and Counterclaims, ECF 65 ¶¶ 61–65, 73–97. Based on these allegations, the requested financial information and corporate documents are relevant to the Payne Defendants' claims. *See id.*; Fed. R. Civ. P.

---

[6] According to the Payne Defendants, First Commerce, American First Federal, and Frontier First Federal are all subpoena respondents under common ownership with Mr. Berg. Second MTC, ECF 173 at 7; Declaration of Erick J. Haynie, ECF 175, Exs. 14, 15.

26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Because these documents are relevant and Respondents make no argument that the requested documents are not proportional to the needs of this case, Eastgate-NV must produce them.

### 4. Organizational and Citizenship Documents

The Payne Defendants request Respondents produce (1) operating agreements for Plaintiff, Eastgate-NV, and Eastgate-DE, and (2) documents sufficient to identify the citizenship of all members of these entities, including the two Trustees that are members of Plaintiff. Second MTC, ECF 173 at 8. The Payne Defendants argue that organizational and citizenship documents are relevant to confirm that subject matter jurisdiction is appropriate here. *Id.* Respondents answer that this information will likely be covered during witness depositions. Resp., ECF 190 at 8.

This Court GRANTS this Motion. Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, Respondents apparently concede the relevance of the documents and they provide no basis to refuse the discovery requested. *See* Resp., ECF 190 at 8.

### 5. Cattle Program Documents

The Payne Defendants request that Plaintiff, Eastgate-NV, Eastgate-DE, and Arthur Berg "produce accounting records for all cattle-related programs . . . of any party (related or unrelated to Mr. Payne), from July 17, 2018 to the present." Second MTC, ECF 173 at 9. Respondents agree to produce these documents to the extent that they have not already done so. Resp., ECF 190 at 8. Accordingly, this Court GRANTS this Motion.

PAGE 8 – ORDER GRANTING THE PAYNE DEFENDANTS' SECOND MOTION TO COMPEL

### 6. Unredacted Emails

The Payne Defendants request that Eastgate-DE reproduce their email production without relevancy redactions. Second MTC, ECF 173 at 10. Eastgate-DE redacted portions of their production that they believed were not relevant. Resp., ECF 190 at 9. However "there is no legal basis to redact documents for relevancy concerns." *U.S. Aviation Underwriters Inc. v. Aerospike Iron, LLC*, Case No.: 21CV758-GPC(BLM), 2023 WL 2414265, at *2 (S.D. Cal. Mar. 8, 2023) (collecting cases); *Doe v. Trump*, 329 F.R.D. 262, 275 (W.D. Wash. 2018) ("Redaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant or nonresponsive from documents that are otherwise responsive to a discovery request" (citations omitted)). Accordingly, this Court GRANTS this Motion.

### 7. Information About Plaintiff's Damages

The Payne Defendants request that Plaintiff provide a more specific answer to the interrogatory requesting information about the damages requested by Plaintiff. Second MTC, ECF 173 at 10. Respondents concede that this request is reasonable and plan to produce this information before the close of discovery. Resp., ECF 190 at 9. Because Respondents present no basis for further delaying this production, this Court GRANTS this Motion.

### 8. Missing Email Attachments

The Payne Defendants request that Eastgate-DE reproduce its entire email document production to include email attachments currently missing. Second MTC, ECF 173 at 10. Respondents state that their previous production failed to include email attachments because of a "technical issue" and that they are working to produce relevant email attachments. Resp., ECF 190 at 9. Accordingly, this Court GRANTS this Motion.

## CONCLUSION

For the foregoing reasons, this Court GRANTS the Payne Defendants' Second Motion to Compel, ECF 173. Respondents are ORDERED to provide the requested categories of discovery within 14 days of this order.

**IT IS SO ORDERED.**

DATED this 11th day of June, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge