IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREAT WEST CAPITAL, LLC**, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**JACK PAYNE**, an individual; **JUNIPER MOUNTAIN CATTLE, LLC**, a Nevada limited liability company; and **NEVADA LIVESTOCK MARKETING, LLC**, a Nevada limited liability company,<br><br>Defendants.<br><br>**EASTGATE CATTLE CO., LLC**, a Nevada limited liability company; **EASTGATE CATTLE CO. LLC**, a Delaware limited liability company; and **ARTHUR H. BERG**, an individual,<br><br>Counterclaim-Defendants. | Case No. 3:22-cv-00768-IM<br><br>**OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

Roy B. Thompson and Amy M. Bográn, Thompson Bográn, PC, 5 Centerpointe Dr., Ste. 400A, Lake Oswego, OR 97305; Jonathan M. Radmacher and J. Kurt Kraemer, McEwen Gisvold LLP,

PAGE 1 – OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

1100 SW 6th Ave., Ste. 1600, Portland, OR 97204; and Richard A. White, First Commerce, 155 B Ave., Lake Oswego, OR 97034. Attorneys for Plaintiffs and Counterclaim-Defendants.

Renée E. Rothauge, Christian William Marcelo, and Erick J. Haynie, Perkins Coie LLP, 1120 NW Couch St., 10th Fl., Portland, OR 97209; and Tonya Van Walleghem, P.O. Box 1933, Lake Oswego, OR 97035. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Plaintiff Great West Capital has brought this suit against Defendants, alleging breach of a contractual agreement between Plaintiff and Defendants to purchase and sell cattle and asserting claims for breach of contract, conversion, fraud and conspiracy to commit fraud. Plaintiff moves for summary judgment on its breach of contract claim. For the reasons explained below, Plaintiff's motion for summary judgment as to its breach of contract claim is denied.

## STANDARDS

"Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). Material facts are those which might affect the outcome of the suit, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party meets its burden, the opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1997). However, at this stage, this Court does not weigh the evidence or assess the credibility of witnesses, but instead simply determines whether there is a genuine factual issue for trial. *See In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). "Reasonable doubts as to the existence of [a] material factual issue are resolved against the moving part[y] and inferences are drawn in the light most favorable to the non-moving party." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## DISCUSSION

The Court assumes that the parties are familiar with the facts of this case. Plaintiff now moves for summary judgment on its breach-of-contract claim, seeking a specific award of damages. Motions for Partial Summary Judgment ("Mot."), ECF 202. Defendants argue that genuine issues of material fact preclude summary judgment on that claim. Response and Objection to Plaintiff's Motions for Summary Judgment ("Resp."), ECF 208 at 13–30. Defendants also argue that this Court lacks subject-matter jurisdiction over this case, *id.* at 6–7, and that the declarations Plaintiff offers in support of its motion are inadmissible. *Id.* at 7–9.

This Court concludes that it has jurisdiction over this case despite dismissing the federal claim. This Court further concludes that the Declaration of Jennifer Prager offered by Plaintiff lacks information about the methodology used for loss calculations and is therefore inadmissible, and that portions of the Declaration of Richard White are likewise inadmissible as lacking foundation and offering legal conclusions. Finally, this Court determines that material issues of

fact preclude summary judgment.[1] Accordingly, Plaintiff's motion for summary judgment is denied.

**A. Subject-Matter Jurisdiction**

Defendants first argue that Plaintiff has failed to establish subject-matter jurisdiction. Resp., ECF 208 at 6–7. Plaintiff calls subject matter jurisdiction an "extraneous" issue and does not otherwise respond to this argument.[2] Reply in Support of Motions for Partial Summary Judgment ("Reply"), ECF 221 at 2, 6. Defendants acknowledge that Plaintiff's amended complaint alleged a federal question under the Packers and Stockyards Act of 1921, 7 U.S.C. § 181 et seq. *See* First Amended Complaint, ECF 68 ¶¶ 60–68. Defendants appear to argue that, because this Court dismissed that claim, *see* ECF 113, it now lacks subject-matter jurisdiction unless complete diversity exists between Plaintiff and Defendants. Resp., ECF 208 at 6. Defendants then suggest that complete diversity may not exist. *Id.* at 6–7. But Defendants fail to address supplemental jurisdiction.

While this Court dismissed Plaintiff's federal claim, there is no question that this Court had original jurisdiction over that claim. Plaintiffs' remaining state law claims "form part of the same case or controversy" as the now-dismissed federal claim because they share a common nucleus of operative fact. *See* 28 U.S.C. § 1367(a). This Court retains jurisdiction to adjudicate the related state law claims even after dismissing the federal claim. *See Harrell v. 20th Century*

---

[1] Because this Court concludes that Plaintiff is not entitled to summary judgment on any of its claims, it does not address whether Defendants' affirmative defenses would preclude summary judgment. Resp., ECF 208 at 30–35.

[2] This Court concludes that subject-matter jurisdiction was properly raised in Defendants' Response, even if they also referred to possibly moving again on this issue in the future. Regardless, "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

PAGE 4 – OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

*Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) (noting that a district court has "discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction"). Whether to do so is a matter of discretion, not subject-matter jurisdiction. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc); 28 U.S.C. § 1367(c)(3) (providing that a district court "*may* decline to exercise supplemental jurisdiction" when "the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)).

Given that this case has been pending in this Court since May of 2022 and trial is set to commence in three months, this Court concludes that the values of judicial economy, fairness to the parties, and convenience weigh in favor of hearing the state law claims pursuant to its supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988); *see also Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (holding jurisdiction over supplemental claims should be retained "where substantial federal judicial resources have already been expended on the resolution of the supplemental claims"); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (noting this authority is "purely discretionary"). This Court concludes that these values outweigh the risk to federal-state comity from this Court resolving a case that will require interpreting and applying Nevada common law.

When a district court exercises its discretion to retain jurisdiction over supplemental state law claims, "[t]here is subject matter jurisdiction, albeit supplemental jurisdiction." *Kieslich v. United States (In re Kieslich)*, 258 F.3d 968, 970 (9th Cir. 2001). Having concluded subject-matter jurisdiction exists, this Court need not reach Defendants' arguments about diversity jurisdiction.

PAGE 5 – OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

B.  **Defendants' Evidentiary Objections**

Before addressing the substance of Plaintiff's motion, this Court will address various evidentiary issues raised by the materials offered in support of Plaintiff's motion. A trial court may only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). "When a party opposing summary judgment fails to comply with the formalities of Rule 56, a court may choose to be somewhat lenient in the exercise of its discretion to deal with the deficiency," but "discretionary leniency does not stretch so far that Rule 56[(c)] becomes meaningless." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1261 (9th Cir. 1993).

Defendants contend that the Declaration of Jennifer Prager ("Prager Decl."), ECF 202, and portions of the Declaration of Richard A. White ("White Decl."), ECF 202, are inadmissible. Resp., ECF 208 at 7–10. Defendants argue that Ms. Prager's declaration as a business valuation expert is inadmissible under *Daubert* and lacks foundation. *Id.* at 7–9. And they argue that portions of Mr. White's declaration lack foundation and offer legal conclusions, and that an attached report is irrelevant hearsay. *Id.* at 9–10. This Court agrees that Ms. Prager's declaration should be excluded and that, while the attached report is not inadmissible hearsay, Mr. White's declaration lacks personal knowledge and offers legal conclusions. Considering these declarations for the purposes of this motion would stretch Rule 56 too far.

1.  **Prager Declaration**

Plaintiffs offer in support of their motion for summary judgment the declaration of Jennifer Prager, an expert in business valuation. *See* Prager Decl., ECF 202, ¶ 2–3. Defendants

specifically object to paragraph 9 of the declaration, which states: "Based on the information I was provided, and which will be set forth in detail in my expert report . . . I have calculated that the amount due and owing to the Plaintiff by the Defendants under the Promissory Note is currently $3,693,280.00." Resp., ECF 208 at 7–8; *id.* ¶ 9. In response to Defendants' objections, Plaintiffs submitted a supplemental declaration, which states that the amount due "under the Consolidated Promissory Note from July 17, 2018 to the present is currently $2,278,678.00" and that the amount due "under the Consolidated Promissory is currently $3,743,245.00." Supplemental Declaration of Jennifer Prager ("Prager Supp. Decl."), ECF 221-1, ¶¶ 10–11.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), district courts are obligated to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." *Id.* at 589; *see P & P Imports LLC v. Johnson Enters., LLC*, 46 F.4th 953, 964 (9th Cir. 2022) ("*Daubert* dictates the analysis necessary for a motion to exclude expert testimony in the context of a motion for summary judgment." (citation omitted)). The Ninth Circuit has explained that this obligation is twofold: district courts must both ensure that the expert has chosen a reliable method and has followed it faithfully. *Daubert v. Merrell Down Pharms., Inc.*, 43 F.3d 1311, 1319 n.11 (9th Cir. 1995).

This Court will exclude the Prager declarations because the reliability of the proffered loss amounts set forth in the declarations cannot be determined based on the information provided.[3] "To evaluate reliability, the district court 'must assess the expert's reasoning or

---

[3] Although Defendants focus their challenge on paragraph 9 of the Prager declaration, the preceding paragraphs only describe Ms. Prager's qualifications and offer a summary of the facts of the case. Prager Decl., ECF 202, ¶¶ 1–8. The supplemental declaration explains that the factual allegations in the declaration reflect only Ms. Prager's understanding of the relevant facts upon which she bases her opinion. Prager Supp. Decl., ECF 221-1, ¶ 5. Because this Court

PAGE 7 – OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

methodology, using as appropriate criteria such as testability . . . .'" *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (quoting *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014)). Testability requires an expert to provide sufficient methodological explanation such that "someone else using the same data and methods [would] be able to replicate the result." *City of Pomona*, 750 F.3d at 1047 (cleaned up).

The declarations contain no methodology for this Court to assess and do not describe the basis for determining the amount owed by Defendants. *See* Reply, ECF 221 at 6 ("Ms. Prager's Declaration admittedly does not contain any attached summaries, calculations, and support for her conclusions as set forth in her declaration at paragraph 9."). In the absence of any explanation, this Court has no way to ensure that Ms. Prager's "conclusions were not mere subjective beliefs or unsupported speculation." *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994). Both declarations state that more information will be "set forth in detail in [the] expert report," Prager Decl., ECF 202 ¶ 9; Prager Supp. Decl., ECF 221-1 ¶ 10–11, but no expert report has been submitted. This ruling does not prohibit Plaintiffs from calling Ms. Prager to testify at trial, but this Court will not consider these declarations in ruling on the motion for summary judgment.

### 2. White Declaration

Defendants also object to the declaration of Richard White, ECF 202. Mr. White is one of Plaintiff's attorneys. White Decl., ECF 202 ¶ 2. Defendants argue that several paragraphs of the declaration lack foundation, that one paragraph offers legal conclusions, and that an attached exhibit is irrelevant hearsay. Resp., ECF 208 at 9–10. In response, Plaintiff offers an amended

---

excludes Ms. Prager's calculation of damages, it will also disregard the factual basis for her calculation.

declaration. Amended Declaration of Richard A. White ("White Am. Decl."), ECF 221-2. This Court will consider the attached exhibit, but agrees that large portions of these declarations appear to describe events not within Mr. White's personal knowledge, and will disregard those portions of the declarations.

      a. **Exhibit D**

Defendants object to Exhibit D to the White Declaration, which contains documents that Plaintiff obtained by subpoena from D.L. Evans Bank. White Am. Decl., ECF 221-2, ¶ 16; Motion to File Document Under Seal, ECF 203, Ex. D. Defendants argue that this exhibit is inadmissible hearsay and irrelevant. Resp., ECF 208 at 9.

This Court will not exclude this exhibit as hearsay. If the contents of a document can be presented in a form that would be admissible at trial, "the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). Exhibit D could be presented in admissible form by calling the account officer who prepared it to give live testimony at trial. The substance of the document may also be admissible under Federal Rule of Evidence 803(6) as a business record of D.L. Evans Bank and, to the extent it recounts statements from Defendant Jack Payne describing his business practices and operations, may also be admissible as the statements of a party-opponent. *See* Fed. R. Evid. 801(d)(2).

The relevance objection is similarly unavailing. Relevance objections "are generally unnecessary on summary judgment because they are duplicative of the summary judgment standard itself." *Sandoval*, 985 F.3d at 665 (internal quotation marks omitted). Plaintiff asserts that these bank records are relevant because they show that Defendant Jack Payne "has a practice of misdirecting cattle sales proceeds" and failed to provide financial information about his cattle

PAGE 9 – OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

operations. Reply, ECF 221 at 9. The exhibit primarily describes Defendant Payne's business dealings with D.L. Evans Bank and only briefly touches on the relationship with Plaintiff that gave rise to this suit. Nonetheless, this exhibit is material because the exhibit tends to corroborate Plaintiff's version of events, and this Court will consider it.

### b. Foundation

Proper foundation must be laid for evidence before it can be considered on summary judgment. *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Specifically, an "affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge." Fed. R. of Civ. P. 56(c)(4).

Defendants argue that several paragraphs of the White declaration lack proper foundation, noting that Mr. White testifies to several events that predate the beginning of his employment at Berg Capital. Resp., ECF 208 at 9. White's amended declaration clarifies that he sets forth a summary of facts "based on [his] review and understanding of documents relevant to this legal matter," gained through his role as Berg Capital's general counsel. White Am. Decl., ECF 221-2, ¶ 5. But Defendants point out that Mr. White only started as in-house counsel in February 2021, before many of the events he describes. Resp., ECF 208 at 9; White LinkedIn Resume, ECF 213-1, Ex. 1. Plaintiff offers no reason White would have personal knowledge of events predating his employment. Mr. White has personal knowledge sufficient to authenticate documents, White Am. Decl., ECF 221-2, ¶¶ 3–4, to describe events involving Berg Capital and its related entities since the start of his employment, and to describe the progress of litigation in this case. But to the extent his declaration describes factual events based solely on his review of documents produced before his employment, this Court will disregard his declaration. *See* Fed. R. Evid. 602.

PAGE 10 – OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

### c. Legal Conclusions

Finally, Defendants object to paragraph 10 of the White declaration, which opines that Defendants "had a duty . . . to provide annual financial statements" and "never complied" with that duty. White Decl., ECF 202, ¶ 10; White Am. Decl., ECF 221-2, ¶ 11. This Court may disregard a self-serving declaration to the extent it states only conclusions and not facts that would be admissible evidence. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). Defendants are correct that this paragraph is phrased in a way that suggests the declarant is offering a legal conclusion. This Court will not rely on Mr. White's assessment of whether Defendants breached their contractual obligations in resolving this motion.

## C. Issues of Material Fact Preclude Summary Judgment

Plaintiff moves for summary judgment, arguing Defendants have materially breached three agreements (the "Consolidated Agreements") and caused exactly $3,693,280.0077 in damages. Mot., ECF 202 at 2–3. Several genuine issues of material fact make summary judgment inappropriate on any of the theories advanced by Plaintiff. Plaintiff has not demonstrated as a matter of law that Defendants have breached the Consolidated Agreement and has not demonstrated any damages resulting from that breach.

### 1. Breach of the Consolidated Agreements

Plaintiff argues that it is entitled to summary judgment on its breach-of-contract claim. Plaintiff first argues that the Consolidated Agreements required Defendants to "maintain appropriate business and/or accounting records related to the loans received" and that Defendants failed to do so. Mot., ECF 202 at 11. Plaintiff contends that this constitutes a "material breach" of the Consolidated Agreements. *Id.* at 10.

A "material breach" is one that constitutes "a failure to do something that is so fundamental to a contract that the failure to perform that obligation defeats the essential purpose of the contract or makes it impossible for the other party to perform under the contract." 23 Richard A. Lord, Williston on Contracts § 63:3 (4th ed. 2024) (footnotes omitted). Whether a breach is material "is generally a question of fact, dependent on the circumstances of the case." *Id.* (footnotes omitted); *see also* Restatement (Second) of Contracts § 241 (Am. L. Inst. 1981) (enumerating circumstances that are significant in determining materiality).

Plaintiff does not offer any argument on how Defendants' alleged failure to maintain appropriate records defeated the essential purpose of the contract, made it impossible for Plaintiff to perform, or caused any damage to Plaintiff. Even if Defendants did not maintain appropriate records, this Court is not persuaded that this constituted a material breach as a matter of law.

Plaintiff's next theory is that Defendants breached the contract by "fail[ing] to produce any documentation indicating the disposition of approximately 2,500 cattle." Mot., ECF 202 at 11. Defendants have produced evidence to suggest that some of these cattle were sold or retained by entities affiliated with Plaintiff. *See* Declaration of Jack Payne, ECF 209 ¶ 13. The location of any missing cattle presents a question of fact inappropriate for resolution on summary judgment.

Finally, at the heart of Plaintiff's Motion is its assertion that there is "no dispute that there remains an amount due and owing under the Note." Mot., ECF 202 at 11. Defendants strenuously dispute this conclusion, arguing that a reasonable jury could, after reviewing a range of disputed transactions, conclude that Defendants had fully satisfied their debts. *See* Resp., ECF 208 at 13–25. Defendants point to several categories of transactions and credits, including sales of cattle, retention of cattle by Plaintiff and the Delaware Eastgate entity, and management fees

owed to Defendant Payne, each of which they argue presents disputed questions of material fact. *See id.*

Plaintiff does not respond directly to these factual allegations; indeed, Plaintiff acknowledges that "there may be a genuine issue of fact as to whether [Defendants] received appropriate credit from Eastgate cattle that were sold." Reply, ECF 221 at 13. Instead, Plaintiff argues that all of Defendants' contentions inappropriately conflate Plaintiff's actions with those of the Counterclaim-Defendants. *Id.* at 3–5, 12–15. But as this Court previously determined, Plaintiff Great West and the Eastgate entities have overlapping management and jointly conducted their business with Defendants. Order Granting in Part and Denying in Part Plaintiff and Counterclaim Defendants' Motion to Dismiss, ECF 118 at 14–16. Plaintiff's attempt to draw a sharp distinction between itself and the other Berg entities for purposes of this motion is not well taken.

### 2. Calculation of Damages

As discussed above, this Court cannot conclude at this stage that Defendants have breached the Consolidated Agreements as a matter of law. Because this Court cannot conclude that Defendants have breached the Consolidated Agreement, it cannot determine what damages, if any, resulted from the breach. This Court also excludes the Declaration of Jennifer Prager, which is the only value of damages offered by Plaintiff, as unreliable for purposes of this summary judgment motion. This Court therefore will deny summary judgment on damages.

## CONCLUSION

Plaintiff's Motion for Summary Judgment, ECF 202, is DENIED.

**IT IS SO ORDERED.**

DATED this 8th day of October, 2024.

                                                           /s/ Karin J. Immergut
                                                           Karin J. Immergut
                                                           United States District Judge